UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60208-CIV-ALTONAGA/Brown

**MICHAEL MARSICANO**,

      Plaintiff,

vs.

**HOME DEPOT USA, INC.**,

      Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court on the Plaintiff, Michael Marsicano's ("Marsicano['s]") Motion to Remand to State Court [D.E. 10], filed on March 9, 2009. On August 12, 2008, Marsicano filed suit in the 17th Judicial Circuit, in and for Broward County, Florida. (*See* Compl. [D.E. 1]). Marsicano stated two claims for negligence: Count I against Defendant, Home Depot USA, Inc. ("Home Depot") and Count II against Ron Malits ("Malits"). (*See id.*). The state court dismissed Malits from the action on February 5, 2009. (*See* Agreed Order on Defendant's Mot. to Dismiss Count II of Plaintiff's Compl. [D.E. 1]). Thereafter, on February 10, 2009, Home Depot filed its Notice of Removal [D.E. 1], asserting federal diversity jurisdiction under 28 U.S.C. § 1332. Marsicano now moves to remand this action back to state court, arguing he intends to join additional, unidentified, non-diverse defendants.

Under 28 U.S.C. §1447(c), a case removed from state court should be remanded if it appears it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance*

CASE NO. 09-60208-CIV-ALTONAGA/Brown

*Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 & n.8 (11th Cir. 2006) (removing party bears burden of establishing federal jurisdiction under Class Action Fairness Act). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Under Section 1332(a), diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." It is undisputed that there is complete diversity between Marsicano, a resident of Broward County, Florida (*see* Compl. at ¶ 3), and Home Depot, which is incorporated in Delaware with its principal place of business in Georgia (*see* Notice of Removal at ¶ 7). *See also* 28 U.S.C. § 1332 (c) (corporation deemed to be citizen of state where it is incorporated and state where it has its principal place of business). Marsicano also does not dispute that he seeks damages in excess of $75,000, including $44,764.81 in medical bills and unspecified damages including future medical care, lost earnings, and pain and suffering. (*See* Compl. at ¶ 12; Notice of Removal at ¶¶ 3, 6).

Marsicano's only argument is that while the parties agreed to dismiss Malits, whose Florida residency destroyed diversity, Marsicano intended to add additional Florida defendants after conducting additional discovery. Although Marsicano claims that Home Depot's removal was therefore premature, Home Depot was required to file notice of removal within thirty days of the action becoming removable. *See* 28 U.S.C. § 1446(b). Since Malits was dismissed from the action

CASE NO. 09-60208-CIV-ALTONAGA/Brown

on February 5, 2009, Home Depot was required to file its Notice of Removal by March 9, 2009, which it timely accomplished.  Further, Marsicano cites no authority for his argument that the Court should remand this matter to state court because Marsicano *may* join unidentified, non-diverse defendants at some future date.  As the requirements of diversity jurisdiction have been satisfied and Home Depot timely filed its Notice of Removal, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand **[D.E. 10]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of March, 2009.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record